UNITED STATES of America

v.

Peter ROLLACK, Robinson Lazala, David Andino, Michael Gay and Reginald Harris, Defendants.

No. S11 97 Cr. 1293(MGC).

United States District Court, S.D. New York.

Aug. 12, 1999.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City, by Nicole LaBarbera,

Richard C. Daddario, Louise C. Aponte, Assistant United States Attorneys, for U.S.

Kevin McNally, Frankfort, KY, for defendant Peter Rollack.

Avraham Moskowitz, New York City, for defendant Peter Rollack.

Hurwitz Stampur & Roth, New York City, by William J. Stampur, for defendant Robinson Lazala.

Sanford M. Katz, New York City, for defendant David Andino.

Thomas F.X. Dunn, New York City, for defendant Michael Gay.

Roy R. Kulcsar, New York City, for defendant Reginald Harris.

## MEMORANDUM OPINION

CEDARBAUM, District Judge.

These motions are addressed to a 28–count indictment centering on the alleged activities of a criminal organization formed by Peter Rollack and which in or about 1993 began to be referred to by its members as Sex, Money and Murder. Rollack has moved to sever his trial from that of his co-defendants, and has also moved to sever the trial of the capital murder charges against him from the trial of the non-capital charges against him. Robinson Lazala has moved to sever his trial from that of Rollack. Each of the other defendants, Michael Gay, Reginald Harris and David Andino, has moved to sever his trial from that of his co-defendants. For the reasons that follow, the motions of Lazala and Andino are granted, and the motions of the other defendants are granted in part and denied in part.

Rule 14 of the Federal Rules of Criminal Procedure provides that:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment ... or by such joinder for trial together, the court may order an election or separate trials of counts, grant a

severance of defendants or provide whatever other relief justice requires.

■ There is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Nevertheless, as the Supreme Court has stated,

[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 ... if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant. For example, evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

*Id.* at 539, 113 S.Ct. 933.

■ The indictment contains substantial charges against Peter Rollack in 12 counts in which the other defendants are not charged. These include three murders, two conspiracies to commit murder, and one attempted murder. Moreover, Rollack is the only defendant against whom the Government seeks the death penalty.

■ Under these circumstances, the fact that a death-qualified jury will be required to try the extensive charges against Rollack further supports defendants' severance motions. The mere requirement of a death-qualified jury may not be sufficient in itself to justify a severance. *See Buchanan v. Kentucky,* 483 U.S. 402, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987). But in this case, although there is overlap of some of the charges against Rollack and the charges against his co-defendants, there are also many serious crimes that are charged only against Rollack. In a single trial, one death-qualified jury would be required to consider all of the conduct charged, including murders in which the non-capital defendants were not involved.

In light of these circumstances, fundamental fairness requires severance. In this case, the efficiency and economy of a single trial are outweighed by the danger of unfair prejudice to Rollack's co-defendants.

Accordingly, the motions of defendants Lazala, Gay and Harris are granted to the extent that their trial will be severed from the trial of Rollack. As a result, Rollack's motion for a separate trial is also granted.

■ With respect to Andino's severance motion, the only charges against Andino arise from an alleged attempt to murder Domingo Osario. Rollack is the only co-defendant alleged to have participated in that attempt. Rollack is charged with narcotics trafficking, RICO violations, five actual murders, five attempted murders and two conspiracies to commit murder, none of which is charged against Andino. Andino is the only defendant who is not charged with a pattern of racketeering activity under 18 U.S.C. § 1962(c), 1962(d). Accordingly, there is no overlap of any of the charges against Andino and the charges against Lazala, Gay and Harris. The Government concedes that a trial of Andino alone would be substantially shorter than any trial of his co-defendants, and would not exceed two weeks at the outside.

Fundamental fairness requires that Andino not be tried by a death-qualified jury at a trial of Rollack for 21 crimes with which Andino is not charged. Fundamental fairness also requires that Andino not be tried at a trial of the other co-defendants who are charged with racketeering and other serious crimes to which Andino was not a party. Andino is not charged

with any of the crimes with which Lazala, Gay and Harris are charged. Accordingly, Andino's motion for a separate trial is granted.

■ Rollack seeks to have the capital murder charges against him severed from the non-capital charges against him. There is no merit to his contention that the offenses, as alleged in the indictment, are misjoined. At a minimum, the offenses charged against Rollack are "of the same or similar character," as required by Fed. R.Crim.P. 8(a). *United States v. Werner*, 620 F.2d 922, 926–28 (2d Cir.1980). They are also based on two or more acts or transactions connected together. Fed. R.Crim.P. 8(a). Evidence of the racketeering enterprise of which Rollack is alleged to have been the leader would be offered and admissible at a trial of the non-capital as well as the capital crimes charged against him.

■ With respect to Rollack's argument that a trial of all the charges against him and only the charges against him would be prejudicial under Fed.R.Crim.P. 14, I find that the potential for unfair prejudice does not outweigh the important interests favoring joinder of offenses that are properly joined under Fed.R.Crim.P. 8(a). Rollack asserts that he has significant testimony to give regarding the murders that took place on November 27, 1997—which he allegedly ordered from prison, and for which the Government seeks the death penalty—but does not wish to testify regarding the non-capital murders charged against him.

■ Under certain circumstances, a trial court may order severance if a defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on another. *See Werner*, 620 F.2d at 930. In *Cross v. United States*, 335 F.2d 987, 989 (D.C.Cir. 1964), in which this basis for severance was first recognized, the D.C. Circuit stated that "[p]rejudice may develop when an

accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence." In this case, the offenses that Rollack seeks to sever are not clearly distinct in evidence. All of the murders, attempts to murder and conspiracies to murder are charged against Rollack in counts one and two of the indictment as acts of racketeering. Moreover, the indictment also charges that Rollack committed these acts for the purpose of maintaining or increasing his position in the racketeering enterprise. 18 U.S.C. § 1959(a).

Rollack's explanation of his need to testify about the capital murders and not about the other murders is not convincing. According to Rollack, he does not wish to testify about the non-capital murders because "[i]t is my understanding that the evidence against me on [these] charges consists primarily, if not exclusively, of the uncorroborated testimony of cooperating witnesses." (Rollack Aff. ¶ 6.) He states that he "would prefer to rely on the constitutional presumption of innocence and on the inherent lack of credibility of the Government's cooperators, rather than subjecting myself to cross-examination on such subjects as my prior convictions ..., and thereby turning the trial into a credibility contest between me and the witnesses presented by the Government." (*Id.*) In contrast, Rollack states that "it is my understanding that the evidence against me on the capital murder charges comes primarily from letters I wrote ... while incarcerated.... At a separate trial on the capital murder charges, I am prepared to testify that, contrary to the Government's contention, I never wrote any letters ordering the murder of David Mullins or of anyone else. In fact, I had no reason to believe ... that David Mullins was going to testify against me...." (*Id.* ¶ 4.) Rollack further states that he would like to testify to explain the meaning of the letters he wrote in a "combination of code, rap language and street lingo." "I would be prepared to refute or correct any inac-

curate or misleading translations offered by the Government." (*Id.* ¶ 5.)

Rollack does not show convincingly how his need to testify differs as between the capital and non-capital murders. If he testifies on the capital charges, Rollack faces the same danger that he says he wishes to avoid with respect to the non-capital charges, namely a credibility contest between himself and the Government witnesses. Given the state of the evidence as represented by Rollack, the Government will need to rely on witnesses to establish both the meaning of the letters Rollack sent from prison and Rollack's knowledge that David Mullins was cooperating. In this respect, Rollack's defense to the capital charges does not differ significantly from his defense to the other charges. It would appear from Rollack's explanation that the Government will be depending upon the credibility of its witnesses to prove all of the murder charges.

Accordingly, Rollack's motion not to be tried on all of the charges against him at one trial is denied.

SO ORDERED.